UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY ALEXANDER SANDOVAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THERESA, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-1997-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 13)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction.

The Court screened Plaintiff's complaint (ECF No. 1), and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 12.) Plaintiff has since filed a first amended complaint (ECF No. 13), which is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Deuel Vocational Institution in Tracy, CA. Plaintiff previously was housed at North Kern State Prison, where the incidents giving rise to his complaint occurred. Plaintiff names the following individuals as defendants: (1) Theresa, Head R.N., and (2) Dr. Sheehata. Plaintiff does not state the statutory or constitutional basis for his claims.

Plaintiff's allegations can be summarized essentially as follows:

On September 2, 2013, Plaintiff had a bad fever and was very sick. He informed an unnamed correctional officer of his condition, but the officer refused to assist. The next day, Plaintiff was seen by Defendant Theresa, who stated that Plaintiff was taking advantage of the health care system.  He also was seen by Defendant Sheehata, who refused to treat him, stating, "We don't take care of your kind of sickness."

Plaintiff's account was charged for this visit, even though he is HIV positive and the medical slip states that inmates will not be charged for a communicable disease such as HIV/AIDS.

Plaintiff seeks money damages.

### IV.  ANALYSIS

#### A.  Medical Indifference

It appears that Plaintiff wishes to allege an Eighth Amendment medical indifference claim.

3

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's allegation that he had a fever and was very sick is insufficient to demonstrate a serious medical need. Plaintiff also has not alleged that any harm was caused by Defendants' refusal to treat him. Thus, Plaintiff fails to state a claim for medical indifference.

Plaintiff will be given **one last opportunity** to amend. If Plaintiff chooses to amend he must allege facts demonstrating that Defendant knowingly denied, delayed, or interfered with treatment of his serious medical needs, or knowingly provided medically unacceptable care, that caused harm to Plaintiff.

**B.    Imposition of Fee for Medical Visits**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff has not alleged that either of the named defendants participated in the

deprivation of his rights by personally charging him a fee for his medical visits. Accordingly, Plaintiff has failed to state a claim for relief regarding this conduct.

Plaintiff's initial complaint did not allege any improper charge for a medical visit. Plaintiff was advised in the Court's prior screening order that leave to amend was not given for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Nevertheless, because of its close connection to the core claim here, the Court will give Plaintiff **one, and only one, opportunity** to amend this claim.  If Plaintiff elects to amend, he must keep in mind the already-explained requirement that each named defendant be shown to have personally participated in the deprivation of rights. He must link a named defendant to his claims.

Moreover, to the extent Plaintiff wishes to allege an Eighth Amendment medical indifference claim, he is advised that charging prisoners fees for medical services does not violate the Eighth Amendment unless it prevents prisoners from receiving medical care. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). Thus, to state a claim under the Eighth Amendment, Plaintiff must allege that he was unable to receive the medical care he needed because the fees were charged.

To the extent Plaintiff may wish to allege a Fourteenth Amendment procedural due process claim, Plaintiff is advised that only minimal process is required for the imposition of medical co-payments. Gardner v. Wilson, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997). Although prisoners have a protected property interest in the funds in their prison account, Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985), those funds may be charged for medical co-payments so long as the prisoner has notice and access to a post-deprivation grievance process, Gardner, 959 F. Supp. at 1229 (citing Myers v.

5

Klevenhagen, 97 F.3d 91, 95-96 (5th Cir. 1996); Reynolds v. Wagner, 936 F. Supp. 1216, 1227 (E.D. Pa. 1996); Scott v. Angelone, 771 F. Supp. 1064, 1067 (D. Nev. 1991)). Thus, to state a claim under the Fourteenth Amendment, Plaintiff must allege that he had no notice of the co-payment and/or no post-deprivation grievance process available to him.

### B.     Exhaustion

Plaintiff states that he is "just getting started with the process" to exhaust his administrative remedies.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

If Plaintiff chooses to amend, he should allege facts showing how he exhausted administrative remedies at each level of prison appeal as to all named Defendants or that he was excepted from such exhaustion requirements.[1]

---

[1] See, e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administratively remedies effectively unavailable).

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint does not state a claim for relief. The Court will grant Plaintiff one last opportunity to file an amended complaint consistent with the foregoing. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint, filed January 2, 2014;

2. Plaintiff's first amended complaint (ECF No. 13) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   July 11, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE